IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA and THE STATE OF WISCONSIN, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. |
| v. | ) ) | |
| WISCONSIN PUBLIC SERVICE CORP., | ) ) | |
| Defendant. | ) ) ) | |

**COMPLAINT**

The United States of America, by authority of the Attorney General of the United States, acting at the request and on behalf of the United States Environmental Protection Agency ("EPA"), and the State of Wisconsin (the "State"), by authority of the Attorney General of Wisconsin, acting at the request of the Governor of Wisconsin and on behalf of the Wisconsin Department of Natural Resources pursuant to Wis. Stat. § 165.25(1), through the undersigned attorneys, file this complaint and allege as follows:

STATEMENT OF THE CASE

1. This is a civil action brought against Defendant Wisconsin Public Service Corp. ("WPSC" or "Defendant"), pursuant to Sections 106 and 107 of the Comprehensive

Environmental Response, Compensation and Liability Act of 1980, 42 U.S.C. §§ 9606 and 9607, as amended by the Superfund Amendments and Reauthorization Act of 1986 ("CERCLA").

2. The United States and the State seek to recover unreimbursed costs incurred for response activities undertaken in response to the release and threatened release of hazardous substances from the WPSC Marinette MGP Superfund Alternative Site in Marinette County, Wisconsin (hereinafter the "Site"). The United States and the State also seek a declaratory judgment, pursuant to CERCLA Sections 113(g)(2), 42 U.S.C. § 9613(g)(2), declaring that the Defendant is liable for any future costs that the United States or the State may incur in connection with response actions that may be performed at the Site. Finally, the United States seeks injunctive relief requiring the Defendant to abate conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment, because of actual or threatened releases of hazardous substances into the environment at and from the Site.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action, and the parties hereto, pursuant to Section 113(b) and (e) of CERCLA, 42 U.S.C. §§ 9613(b) and (e), and 28 U.S.C. §§ 1331 and 1345.

4. Venue is proper in this district pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and (c), because the claims arose and the threatened and actual releases of hazardous substances occurred in this district.

## GENERAL ALLEGATIONS

5. The Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

6. The Marinette MGP Site encompasses approximately fifteen acres within the City of Marinette, Marinette County, Wisconsin. It includes the area where a former manufactured gas plant, which was owned and operated by a predecessor-in-interest to the Defendant, was located. The Site also includes surrounding areas where contaminated groundwater, soil, and sediment are located. The manufactured gas plant was the source of hazardous substances that contaminated the Site. Contamination remains at portions of the Site.

7. The Defendant is: (i) an owner and/or operator of a facility from which there were releases of hazardous substances, or threatened releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1), 42 U.S.C.§ 9607(a)(1); and (ii) a person (and/or successor to a person) who, at the time of disposal of a hazardous substance, owned and/or operated a facility at which such hazardous substances were disposed and from which there were releases of hazardous substances, which caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2).

8. The property owned and operated by Defendant at the Site is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

9. The Site is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

10. At times relevant to this action, there have been "releases" and "threatened releases" of "hazardous substances" from the property owned and/or operated by the Defendant, and into the environment, within the meaning of CERCLA Sections 101(14), 101(22), and 107(a), 42 U.S.C. §§ 9601(14), 9601(22), and 9607(a). More specifically, there have been

"releases" and "threatened releases" of benzene and naphthalene, which are "hazardous substances" within the meaning of CERCLA Sections 101(14) and 107(a), 42 U.S.C. §§ 9601(14) and 9607(a).

11. The United States has incurred response costs relating to the Site -- within the meaning of CERCLA Section 101(25), 42 U.S.C. § 9601(25) -- in responding to releases and threatened releases of hazardous substances into the environment at the Site.

12. The response costs relating to the Site were incurred by the United States in a manner not inconsistent with the National Contingency Plan, which was promulgated under CERCLA Section 105(a), 42 U.S.C. § 9605(a), and codified at 40 C.F.R. Part 300.

FIRST CLAIM FOR RELIEF
(Cost Recovery by the United States Under CERCLA Section 107, 42 U.S.C. § 9607)

13. Paragraphs 1-12 are realleged and incorporated herein by reference.

14. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendant is liable to the United States for response costs incurred and to be incurred by the United States in connection with the Site, including enforcement costs, prejudgment interest on such costs, and all future costs of any response actions that may be performed at the Site.

SECOND CLAIM FOR RELIEF
(Cost Recovery by the State Under CERCLA Section 107, 42 U.S.C. § 9607)

15. Paragraphs 1-12 are realleged and incorporated herein by reference.

16. Pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), the Defendant is liable to the State for response costs incurred and to be incurred by the State in connection with the Site, including enforcement costs, prejudgment interest on such costs, and all future costs of any response actions that may be performed at the Site.

## THIRD CLAIM FOR RELIEF
(United States' Claim for Injunctive Relief Under CERCLA Section 106, 42 U.S.C. § 9606)

17. Paragraphs 1-12 are realleged and incorporated herein by reference.

18. There is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual and threatened releases of hazardous substances into the environment and from the Site.

19. Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), the Defendant is subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances into the environment at and from the Site.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the United States and the State, respectfully request that this Court:

1. Enter judgment in favor of the United States and against the Defendant, for all response costs incurred by the United States, including prejudgment interest, for response actions in connection with the Site;

2. Enter judgment in favor of the State and against the Defendant, for all response costs incurred by the State, including prejudgment interest, for response actions in connection with the Site;

3. Order the Defendant to abate the conditions at the Site that may present an imminent and substantial endangerment to the public health or welfare or the environment;

4. Enter a declaratory judgment in favor of the United States and the State and against the Defendant pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that

5

the Defendant is liable for future costs of any response actions that may be performed at the Site;

    5.      Award the United States and the State their costs of this action; and

    6.      Grant such other and further relief as the Court deems just and proper.

FOR THE UNITED STATES OF AMERICA:

KAREN DWORKIN
Deputy Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

Date: April 21, 2020

BONNIE A. COSGROVE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
301 Howard St., Ste. 1050
San Francisco, CA 94105

MATTHEW KRUEGER
United States Attorney
By:
SUSAN M. KNEPEL
Assistant United States Attorney
Wisconsin State Bar No. 1016482
517 E. Wisconsin Ave, Rm. 530
Milwaukee, WI 53202

Signature page for Complaint in United States and State of Wisconsin v. Wisconsin Public Service Corp. (E.D. Wis.)

FOR THE STATE OF WISCONSIN:

Date: April 24, 2020

*/s/ Lorraine C. Stoltzfus*
JOSHUA L. KAUL
Wisconsin Attorney General
LORRAINE C. STOLTZFUS
Assistant Attorney General
Wisconsin Department of Justice
17 West Main Street
Madison, WI 53703